## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANIEL EARL WILBANKS,       )
                                  )
          Plaintiff,      )
                                  )
          v.              )       1:13CV167
                                  )
C/O ROBBIE SIMMONS,        )
                                  )
          Defendant.     )

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff's Motion for Leave to File Amendment (Docket Entry 15).  For the reasons that follow, the Court will deny the instant Motion.[1]

### I.  Background

Plaintiff commenced this case by filing a pro se prisoner form Complaint under 42 U.S.C. § 1983.  (Docket Entry 1.)  The Complaint alleges that Defendant Robbie Simmons, a corrections officer,

---

[1]  For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to this matter.  See also Everett v. Prison Health Servs., 412 Fed. Appx. 604, 605 & n.2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add Appellee Prison Health Services, Inc. ('PHS') as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS.  After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . .  [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.'  Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

struck Plaintiff in the groin area with a billystick.  (Id. at 3.)

It further alleges that Plaintiff gave a statement about the

incident and, as a result, suffered humiliation and harassment and

was relocated to a different prison farther from his family.  (Id.)

Finally, the Complaint alleges Plaintiff received medical treatment

for ongoing pain resulting from the incident and that his transfer

has caused him and his family stress.  (Id.)  The Complaint

requests that "policy & training [] be changed regarding escorting

inmates to seg units transferred to min custody & compensation for

[Plaintiff's] injuries (compensatory and punitive)."  (Id. at 4.)

Defendant filed an Answer.  (See Docket Entry 11.)  Plaintiff

thereafter filed the instant Motion seeking to add a Defendant to

his Complaint.  (Docket Entry 15 at 1.)[2]  Defendant did not

respond.  (See Docket Entries dated Oct. 21, 2013, to present.)

## II.  Legal Standard

Given the procedural posture of this case, Plaintiff may

"amend [his] pleading only with [Defendant's] written consent or

---

[2]     The Court adopted a Scheduling Order in the instant case
(see Text Order dated Sept. 16, 2013) which set October 17, 2013,
as the deadline to file any motion seeking leave to amend pleadings
or to add parties (id.).  The Clerk received Plaintiff's instant
Motion, as well as Plaintiff's proposed Amended Complaint (see
Docket Entry 16), on October 21, 2013 (see Docket Entry 15 at 1).
However, the Court notes that the instant Motion bears a date of
September 26, 2013.  (See id.)  Moreover, the envelope is
postmarked October 17, 2013.  (See Docket Entry 16-1 at 1.)  The
Court therefore will treat the instant Motion as timely filed
pursuant to the Scheduling Order in this case and will not require
a showing of good cause for any delay.

the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). The applicable Rule further directs that "[t]he [C]ourt should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," id.; accord Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").

"An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prot., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004). A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the

line between possibility and plausibility of "entitlement to

relief."'"  Id. (quoting Twombly, 550 U.S. at 557).  This standard

"demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  Id.  In other words, "the tenet that a court must

accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory

statements, do not suffice."  Id.[3]

### III.  Discussion

Plaintiff's instant Motion states, in relevant part, that

"[s]ince filing this Complaint [] Plaintiff has determined that the

U.R. Medical Board in Raleigh NC needs to be added to this

Complaint [as a Defendant]."  (Docket Entry 15 at 1.)  According to

the Director of Health Services for the North Carolina Department

of Corrections ("DOC"), "[t]here is no such entity within DOC as a

[Utilization Review Board] . . . .  There are only individual

doctors and nurses employed by, or under contract to, DOC, who

perform Utilization Review ('UR') functions . . . .  Individual

doctors and nurses may or may not make their UR decisions in

---

[3]  "[D]etermining whether a complaint states on its face a
plausible claim for relief and therefore can survive a Rule
12(b)(6) motion . . . requires the reviewing court to draw on its
judicial experience and common sense."  Francis v. Giacomelli, 588
F.3d 186, 193 (4th Cir. 2009).

-4-

consultation with other doctors and nurses, but their decisions are not the decisions of a Board, because there is no Board." <u>Deal v. Cape Fear Valley Hosp.</u>, No. 5:09-CT-3066-D, 2011 WL 354690 (E.D.N.C. Feb. 2, 2011) (unpublished). To the extent Plaintiff intended to add the doctor or nurse who reviewed his case, he "has not provided a name for the members of the Utilization Review Board that he seeks to sue or made any specific allegations against any Utilization Review Board member," <u>Murray v. Keller</u>, No. 5:10-CT-3038-FL, 2011 WL 4443143, at *4 (E.D.N.C. Sept. 23, 2011) (unpublished). (<u>See</u> Docket Entry 16 at 1-2.) His proposed Amended Complaint therefore does not contain the "'minimum level of factual support [] required,'" <u>Murray</u>, 2011 WL 4443143, at *4 (quoting <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir. 1989)).

Moreover, for a claim based on denial of medical care, Plaintiff "must demonstrate that the [officials] acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." <u>Iko v. Shreve</u>, 535 F.3d 225, 241 (4th Cir. 2008). "Deliberate indifference is a very high standard - a showing of mere negligence will not meet it." <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999). Instead, the "deliberate indifference" prong requires Plaintiff to make "two showings":

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] *should have* recognized it; [he] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were

inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient.

Parish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks omitted) (emphasis in original). "The subjective component therefore sets a particularly high bar to recovery." Iko, 535 F.3d at 241.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In his proposed Amended Complaint, Plaintiff states that the U.R. Board denied approval of an ultrasound "regarding blunt force trauma to [] Plaintiff's groin." (Docket Entry 16 at 1.) Based on that single factual assertion, Plaintiff alleges the U.R. Board denied Plaintiff medical treatment and medical care. (Id. at 2.) The proposed Amended Complaint does not contend that the U.R. Board (or any particular member thereof) acted with deliberate indifference, much less allege facts to support such a contention.

At best, the proposed Amended Complaint highlights a disagreement between Plaintiff and the reviewing physician(s) as to Plaintiff's treatment.  It thus fails to state a claim for inadequate medical treatment against the U.R. Board or any members thereof.

Finally, to the extent that the "U.R. Medical Board" exists as an entity associated with the DOC, it is not subject to claims under § 1983.  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits . . . ."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  States and state agencies thus do not constitute "persons" subject to suit under § 1983, id. at 67-71, and, for this reason, Plaintiff's claims against the "U.R. Medical Board" fail as a matter of law.  See Diaz v. Lee, 104 F. App'x 321, 322 n.* (4th Cir. 2004) (noting "Utilization Review Board" is not a "person" under § 1983 and citing Will, 491 U.S. at 70).

## IV.  Conclusion

For all of the aforementioned reasons, Plaintiff's proposed amendment would fall short as a matter of law.  Plaintiff's instant Motion to Amend Complaint thus fails as futile.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amendment (Docket Entry 15) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk strike Docket Entry 16.

                                        /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                            **United States Magistrate Judge**

December 30, 2013