```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
DANIEL EARL WILBANKS,         )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:13CV167
                              )
C/O ROBBIE SIMMONS,           )
                              )
          Defendant.          )
```

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Docket Entry 20) and Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 25). For the reasons that follow, the Court will deny Plaintiff's instant Motion and will defer action on Defendant's instant Motion.[1]

---

[1] For reasons stated in <u>Deberry v. Davis</u>, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to Plaintiff's instant Motion. <u>See also</u> <u>Everett v. Prison Health Servs.</u>, 412 Fed. Appx. 604, 605 & n.2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add Appellee Prison Health Services, Inc. ('PHS') as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

## I. Motion to Amend

Given the procedural posture of this case, Plaintiff may "amend [his] pleading only with [Defendant's] written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). The applicable Rule further directs that "[t]he [C]ourt should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," id.; accord Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").

"An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prot., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004). A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

Plaintiff's instant Motion simply asks that the Court allow him to "add the argument/claim of 'deliberate indifference'" to his Complaint. (Docket Entry 25 at 1.) In support, Plaintiff explains:

> In Plaintiff's Response in opposition to [D]efendant's Motion for Summary Judgment Plaintiff argues the [D]efendant's culpable state of mind "<u>deliberate indifference</u>" standard for Eighth Amendment evaluations subjective component under Hudson (see Plaintiff's attached Brief/Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment).

---

[2] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

-3-

(Id. (emphasis in original).) However, "[t]he presence . . . of a few conclusory legal terms [like deliberate indifference, malicious, outrageous, and wanton] does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference." Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001).

In the instant case, the Complaint alleges that Defendant, without provocation, "struck [Plaintiff] in the groin area with his billystick & laughed out loud." (Docket Entry 1 at 3.) Plaintiff's Complaint thus asserts a claim for excessive force (see id.), which requires a showing that the defendant applied force "maliciously and sadistically for the very purpose of causing harm," Hudson v. McMillian, 503 U.S. 1, 6 (1992). The allegations in Plaintiff's Complaint sufficiently indicate that Defendant acted with the requisite state of mind. Adding language referencing "deliberate indifference," particularly without any additional factual allegations, would not affect the legal sufficiency of the Complaint. In other words, Plaintiff's proposed addition of conclusory allegations of deliberate indifference would not state a new claim or bolster an existing claim. See Annan v. Zaborowski, No. 12 C 3577, 2013 WL 3771248, at *2 (N.D. Ill. July 16, 2013) (unpublished) ("[The plaintiff] merely recasts his adequately stated claim for excessive force as an additional claim for deliberate indifference to a medical need. Namely, he alleges that

[the] [d]efendant [] 'manhandled' his groin . . . . This 'manhandling,' according to [the plaintiff], constitutes not only excessive force but also deliberate indifference to his medical needs because he had a medical need not to have his groin manhandled. However, a need to be free from manhandling is not a serious medical need. If it were, any claim for excessive force would also constitute an actionable deliberate indifference to medical need claim. This is not the case.").

Given these considerations, the Court will deny Plaintiff's instant Motion as futile.

## II. Motion for Summary Judgment

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a genuine dispute exists if the evidence presented could lead a reasonable factfinder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In making this determination, the Court must view the evidence and any reasonable inferences therefrom in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party moving for summary judgment may discharge its burden by identifying an absence of evidence to support the non-moving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325

(1986). The non-moving party then must "set forth specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus., 475 U.S. at 586-87 (citation omitted) (emphasis in original). In this regard, the non-moving party must convince the Court that evidence exists upon which a finder of fact could properly return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 252; see also Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

### *A. Factual Background*

In support of his instant Motion, Defendant filed an Affidavit (Docket Entry 21-1 at 1-3) to which he attached his "Employee/Witness Statement Form" concerning the incident at issue (id. at 5-8). In response, Plaintiff filed his own Affidavit (Docket Entry 24-1 at 1-4), as well as numerous "exhibits" (Docket Entry 24-2 at 1-17).[3] Plaintiff's Affidavit states in conclusion that "[Plaintiff] declare[s] under the penalty of perjury that the foregoing is true and correct." (Docket Entry 24-1 at 4.) A

---

[3] Plaintiff did not swear to the contents of his Complaint or sign it under penalty of perjury and thus it does not constitute evidence for summary judgment purposes. Whitman v. Mineta, 107 F. App'x 28, 29 n.1 (9th Cir. 2004); Sharp v. Kelsey, 918 F. Supp. 1115, 1123 (W.D. Mich. 1996).

signature line bearing Plaintiff's printed name appears immediately above that concluding statement. (See id.)[4]

Plaintiff's Affidavit states that, on August 17, 2011, Defendant, a corrections officer at Piedmont Correctional Institute, "struck [Plaintiff] in the groin with his drawn billyclub[,] [c]ausing [Plaintiff] to double over in pain." (Id. at 2.) It further declares Defendant and the other officers present in the elevator where the incident occurred then laughed. (Id. at 1-2; see also Docket Entry 21-1 at 2.) "[Plaintiff] said 'Don't hit me there[,]' wherein [sic] Defendant responded by saying, 'oh, suck it up Danny.'" (Docket Entry 24-1 at 2.) Immediately following the incident, Plaintiff reportedly declined medical assistance because he "was embarrassed about having [his] genitals looked at . . . ." (Id.) When initially interviewed about the matter, Plaintiff indicated that Defendant was "horse playing and attempted to 'bump' [Plaintiff] in the privates," then later reported that Defendant "took the 'night stick' and 'grazed' [Plaintiff's] groin area." (Docket Entry 24-2 at 2; see also Docket Entry 24-1 at 2; Docket Entry 24-2 at 10.) However, according to Plaintiff, he "wrote [Defendant] was horse playing on

---

[4] Plaintiff also filed a Brief in Opposition to Defendant's Motion for Summary Judgment. (Docket Entry 24.) Said Brief contains factual allegations consistent with those in Plaintiff's Affidavit (id. at 2-3) and concludes with language, identical to that found in the Affidavit, declaring the truth of the foregoing statements under penalty of perjury and bearing Plaintiff's printed name (id. at 15).

-7-

the elevator [because] [Plaintiff] did not want to get [him]self in trouble or be retaliated against from other officers . . . ." (Docket Entry 24-2 at 10; see also Docket Entry 24-1 at 3 ("I was being coerced into changing my original statement.").)

Plaintiff's exhibits show that the Correctional Administrator of Piedmont Correctional Institution investigated the alleged incident between Plaintiff and Defendant (see Docket Entry 24-2 at 1-6) and ultimately determined that "the incident did occur" and that Defendant "violated the Conduct of Employees policy which states 'No employee will engage in acts of horseplay or joking with inmates', as well as violated the Use of Force Policy, which states 'The Use of Force shall be permissible only to the extent reasonably necessary for a proper correctional objective'" (id. at 3). As a result, "[a] recommendation for [Defendant's] dismissal for Unacceptable Personal Conduct [was] approved by the Department of Correction effective October 31, 2011." (Id. at 4.)

Defendant has averred that,

> [w]hen he entered the elevator, [he] had his left hand on [his] service baton and was moving it back and forth with the baton remaining in the holder on the left-hand side of [his] belt. [Defendant] was not moving [his] baton back and forth in an effort to make contact with [P]laintiff. [Defendant] did not feel [his] baton hit [P]laintiff and [he] had no intention of making contact with [P]laintiff.

(Docket Entry 21-1 at 2.) According to his dismissal letter, Defendant "stated that [he] was horse playing and [he] did know

-8-

better, but [he] did not feel the baton hit [Plaintiff]." (Docket Entry 24-2 at 6.)

### B. Evidentiary Issues

As an initial matter, Plaintiff's "Affidavit" does not suffice as a matter of law. "[A]n affidavit, by definition, is a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath." Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (emphasis in original) (internal quotation marks omitted). The document Plaintiff submitted lacks any indication that he swore to its truth before anyone authorized to administer an oath. (See Docket Entry 24-1.)

"A statutory exception to this rule exists under 28 U.S.C. § 1746 [] which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'" Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). The cited statute provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required to be . . . proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, or statement, <u>in writing of such person which is subscribed by him, as true under penalty of perjury, and dated</u>, in substantially the following form:
>
> . . .

-9-

> 2. If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). <u>(Signature)</u>'.

28 U.S.C. § 1746 (emphasis added). To qualify under this statutory provision, a submission thus must bear the affiant's "signature."

In this case, although Plaintiff's Affidavit indicates that he "declare[s] under the penalty of perjury that the foregoing is true and correct" (Docket Entry 24-1 at 4), in connection with that statement Plaintiff's name appears only in printed form identical to the printing in the rest of the document (<u>see</u> <u>id.</u>). Moreover, said printed version of Plaintiff's name differs markedly in appearance from the traditional cursive signature that accompanied Plaintiff's Complaint. (<u>Compare</u> <u>id.</u>, <u>with</u> Docket Entry 1 at 4.) In addition, the handwriting in the Affidavit also differs notably from the handwriting in the Complaint. (<u>Compare</u> Docket Entry 24-1 at 1-4, <u>with</u> Docket Entry 1 at 1-4.) Under these circumstances, the undersigned concludes that Plaintiff's Affidavit lacks the required signature and, therefore, does not qualify as competent summary judgment evidence.

Without Plaintiff's Affidavit, no material issue of fact would remain. However, Plaintiff should have an opportunity to submit a properly signed affidavit, if the contents of his current submission otherwise would defeat Defendant's instant Motion. <u>See</u> Fed. R. Civ. P. 56(e) (allowing court to "give an opportunity to

properly support or address [a] fact" where "a party fails to properly support [said] assertion of fact"); see also Barraza v. United States, 526 F. Supp. 2d 637, 641-43 (W.D. Texas 2007) (permitting correction of summary judgment evidence that omitted necessary acknowledgement of submission under penalty of perjury and/or signature where, without said evidence, "there would not be a material issue of fact"). As a result, the next subsection will address the question of whether the substance of Plaintiff's Affidavit, if accepted, would raise a material factual dispute.

Plaintiff's Response to Defendant's instant Motion also contends that Plaintiff did not receive certain discovery he requested from Defendant. (Docket Entry 24 at 5-6; see also id. at 6 (recognizing that Defendant responded to such requests by indicating "he was not in possession of [requested discovery]").) According to Plaintiff, he then "submitted a 'subpeona [sic] duces tecum' to this [C]ourt, [D]efendant's attorney, and the [A]ttorney [G]eneral's office on or around January 21, 2014." (Id. at 6 (emphasis in original).)[5] However, the record reflects no such subpoenas received by this Court. (See Docket Entries dated Jan. 21, 2014, to present.) Moreover, Plaintiff failed to include a copy of the alleged subpoena(s) in the material submitted in

---

[5] Because Plaintiff proceeds as a pauper (see Docket Entry 5), "[t]he officers of the [C]ourt [] issue and serve all process," 28 U.S.C. § 1915(d).

-11-

connection with his Response (or even to identify the person or entity Plaintiff sought to subpoena).  (See Docket Entries 23, 24.)

By rule:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>     (1) defer considering the motion or deny it;
>
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>     (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added).  Plaintiff does not qualify for relief under this provision.

First, Plaintiff has not explicitly requested any relief from the Court regarding discovery matters.  (See Docket Entry 24 at 6.)  In addition, as evidenced by the discussion below, the discovery at issue (Plaintiff's prison medical records, policies of the prison, and inter-office memos concerning the incident (see id. at 5)) likely would not "by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment," Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014).  Finally, Plaintiff has failed to show he "'has not had the opportunity to discover information that is essential to his position,'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Anderson, 477 U.S. at 250 n.5) (emphasis added); that is, he had the chance to conduct discovery during the discovery period (which closed in March 2014 (see Text Order dated Sept. 16, 2013))

-12-

and he has failed to substantiate his contention that he submitted any proposed subpoenas to this Court during that time. For all of these reasons, Plaintiff has not offered adequate specified reasons to show that the Court should afford him a further opportunity to take discovery to muster evidence to oppose summary judgment.

### *C. Discussion*

In seeking summary judgment, Defendant first argues that Plaintiff has failed to present evidence showing either that Defendant intended to harm Plaintiff or that Defendant in fact did harm Plaintiff. (Docket Entry 21 at 8-10.) In addition, Defendant contends that qualified immunity protects him from liability. (Id. at 10-13.) These contentions fall short, if one considers the substance of Plaintiff's Affidavit as proper summary judgment evidence.

In this regard, an analysis of the viability of Plaintiff's excessive force claim merges with the assessment of whether Defendant enjoys qualified immunity: "The government official will be granted immunity unless (1) the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) the right at issue was clearly established at the time of the alleged misconduct." Doe ex rel. Johnson v. South Carolina Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of

the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). In the instant case, Defendant's qualified immunity argument addresses only the first part of the analysis - i.e., he contends that the facts Plaintiff has shown do not make out a violation of a constitutional right. (See Docket Entry 21 at 10-13.) The question therefore becomes whether the factual information in Plaintiff's Affidavit (if treated as evidence for summary judgment purposes) would suffice to sustain his claim of excessive force or, instead, said claim would fail as a matter of law even under that version of events.

In that regard, "[t]he [United States] Supreme Court has extended the application of the Eighth Amendment's prohibition against 'cruel and unusual punishments' to the treatment of prisoners by prison officials." Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). More specifically,

> the Eighth Amendment forbids "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 [] (1986) . . . . "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 [] (1992) . . . . "This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 9 [].

Hill, 727 F.3d at 317. Accordingly, "the nature of the force, rather than the extent of the injury, is the relevant inquiry."

Id. at 321.[6] "In other words, [a plaintiff] must show that 'the [defendant's] actions amounted to punishment and were not merely an incident of some other legitimate governmental purpose.'" Wernert v. Green, 419 F. App'x 337, 340 (4th Cir. 2011) (quoting Robles v. Prince George's Cnty., Md., 302 F.3d 262, 269 (2002)) (some internal quotation marks omitted). Furthermore,

> [i]n determining whether [this] constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.

Id. (internal quotation marks omitted) (some alterations in original).

Viewing the content of Plaintiff's Affidavit and any reasonable inferences therefrom in a light most favorable to Plaintiff, Matsushita, 475 U.S. at 587, Defendant, acting in the absence of any need to maintain or to restore order or discipline, intentionally struck Plaintiff in the groin with a billy club.

---

[6] In 2010, the Supreme Court held that the Fourth Circuit erred in requiring that a plaintiff alleging excessive force by a prison guard show more than a de minimis injury. Wilkins v. Gaddy, 559 U.S. 34, 36-40 (2010). In the instant case, Defendant concedes that, "[a]t the time of the incident, August 17, 2011, the law had already become clearly established in the 2010 decision in Wilkins []; in which 'the Court shift[ed] the core judicial inquiry from the extent of the injury to the nature of the force - specifically, whether it was nontrivial and was applied maliciously and sadistically to cause harm.'" (Docket Entry 21 at 11-12 (quoting Wilkins, 559 U.S. at 39) (alterations in original) (some internal quotation marks omitted).)

(See Docket Entry 24-1 at 2.) Defendant nonetheless argues that Plaintiff "has presented no objective evidence that he was injured by [Defendant]. [Plaintiff] has failed to produce any medical report, treatment note, or otherwise to substantiate a 'sufficiently serious' harm that was more than 'nontrivial.'" (Docket Entry 21 at 8.)

Defendant, however, concedes that the absence of evidence of injury does not defeat a claim of this sort as a matter of law. (See id. at 11-12 (citing Wilkins v. Gaddy, 559 U.S. 34 (2010)).) Moreover, at this stage of the proceedings, a proper averment by Plaintiff that Defendant's blow caused Plaintiff "to double over in pain" (Docket Entry 24-1 at 2) and required Plaintiff to seek "medical [attention] for the pain & swelling in [his] testicles" (id. at 4), would constitute adequate evidence of a non-trivial application of force. See Clark v. Compton, No. 1:07-CV-137, 2008 WL 2356739, at *2-3 (N.D. Ind. June 4, 2008) (unpublished) ("[The plaintiff] maintains that he suffered swelling, pain, and some discomfort from the knee strike [to his groin by a detention officer]. . . . [The plaintiff] does not seem to contend, however, that he has any permanent injuries from the event. . . . While absence of serious injury from the use of force is relevant to an Eighth Amendment inquiry, it does not end it. . . . [B]lows to a non-resisting, handcuffed prisoner . . . that result in minor bruising and swelling, such as [the plaintiff] sustained, are not

-16-

*de minimis* for Eighth Amendment purposes."); see also Kilmartin v. Schaffer, No. 9:12-CV-1167 (FJS/CFH), 2013 WL 5929447, at *5 (N.D.N.Y. Nov. 1, 2013) (unpublished) ("Being kicked in the groin without provocation is not, as a matter of law, a *de minimis* use of force for purposes of a Fourth Amendment excessive force claim.").

Defendant also contends that Plaintiff "failed to show that [Defendant] used force to harm [Plaintiff] in a malicious or sadistic way." (Docket Entry 21 at 9.) According to Defendant, his baton "remain[ed] in the holder" and he "did not feel [his] baton hit [P]laintiff and [he] had no intention of making contact with [P]laintiff." (Docket Entry 21-1 at 2.) However, Plaintiff's Affidavit states that Defendant "struck [Plaintiff] in the groin with his drawn billy club," after which Defendant "laughed" and told Plaintiff to "suck it up." (Docket Entry 24-1 at 2 (emphasis added).) Defendant argues that Plaintiff's prior accounts of the incident conflict with any such averment and that therefore no material question of fact exists. (Docket Entry 26 at 2-3.)

In support of this argument, Defendant cites Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984), in which the Fourth Circuit held that "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct," id. at 960 (emphasis added). However, in that case, the plaintiff attempted to rely on an affidavit that contradicted his prior

-17-

deposition testimony to establish a disputed issue of fact. See id. at 959-60. In this case, if properly completed, Plaintiff's Affidavit would represent the sole sworn statement by Plaintiff about the incident. His other accounts of record consist of a prison grievance form - which does in fact indicate that Defendant struck Plaintiff (see Docket Entry 24-2 at 9) - and, as an attachment to that form, an explanation by Plaintiff that he initially said he and Defendant engaged in "horse playing" and that Defendant only "grazed" him because of pressure from other prison guards (id. at 10). Plaintiff did not make those statements under oath or subject to penalty of perjury. (See id. at 9-10.) Barwick thus does not compel entry of summary judgment for Defendant.

Finally, if in acceptable form, Plaintiff's Affidavit would support an inference that Defendant struck Plaintiff in the groin with a constitutionally culpable state of mind. See Brown v. Jones, 471 F. App'x 420, 421 (5th Cir. 2012) ("[The plaintiff] alleged, in a verified complaint, that during a pat down search [the defendant] struck [the plaintiff] in the groin and squeezed his testicles in an unnecessary and sadistic attack for the purpose of causing him pain. [The plaintiff] alleged that this use of excessive force resulted in both immediate and continuing pain, as well as an injury that resulted in blood in his urine. Viewing [the plaintiff's] allegations in the light most favorable to him, he has stated a claim for violation of a constitutional right.");

Clark, 2008 WL 2356739, at *3-4 (denying summary judgment where the plaintiff testified that, after he submitted to handcuffing, the defendant-detention officer, "while smiling, drove his right knee directly into [the plaintiff's] groin," because, "[v]iewing the evidence in the light most favorable to [the plaintiff], there was no need for any further force by [the defendant], and thus the subsequent alleged kick to the groin was indeed wanton and without justification").[7]

In sum, Plaintiff's Affidavit (if properly signed under penalty of perjury) would allow a fact finder to conclude that Defendant intentionally applied force to Plaintiff in an unnecessary and malicious fashion in contravention of the Eighth Amendment. However, should Plaintiff fail to correct the cited defects in the execution of his Affidavit, the record would lack evidence sufficient to support his excessive force claim.

### III. Conclusion

Plaintiff's proposed amendment would fall short as a matter of law and his instant Motion thus fails as futile. Furthermore, action on Defendant's instant Motion will not proceed until

---

[7] Moreover, as mentioned previously, Plaintiff provided letters concerning Defendant's dismissal which show that the Correctional Administrator determined, inter alia, that Defendant "violated the Use of Force policy by 'striking' 'popping' or hitting [Plaintiff] in the groin area with [his] baton." (Docket Entry 24-2 at 3.) Said determination further supports Plaintiff's account of Defendant's actions.

-19-

Plaintiff has a further opportunity to properly execute his Affidavit.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Docket Entry 20) is **DEFERRED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 5, 2014, to file a valid affidavit. The Clerk shall refer this case back to the undersigned for further action after that date.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 8, 2014